**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND; AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND; and AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY DEFINED CONTRIBUTION PLAN, <br><br> Plaintiffs, <br><br> vs. <br><br> TORO AUTOMOTIVE, LLC d/b/a TOYOTA OF RIVER OAKS, <br><br> Defendant. | CASE NO.: 18-CV-6511 <br><br> JUDGE: <br><br> MAG. JUDGE: |

**COMPLAINT**

NOW COME the Plaintiffs, the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND ("PENSION FUND"), the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY WELFARE FUND ("WELFARE FUND"), and the AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY DEFINED CONTRIBUTION PLAN ("DC PLAN") (collectively referred to as the "Plaintiffs"), complaining of the Defendant TORO AUTOMOTIVE, LLC d/b/a TOYOTA OF RIVER OAKS ("TOYOTA OF RIVER OAKS"), and in support, allege as follows:

**JURISDICTION AND VENUE**

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA"). 29 U.S.C. §§ 1132 and 1145. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132 and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. §§ 1132(e)(2) and 1451(d) in that the PENSION FUND, WELFARE FUND, and DC PLAN are all administered at 361 S. Frontage Road, Suite 100, Burr Ridge, IL 60527 and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The PENSION FUND and WELFARE FUND receive contributions from numerous employers pursuant to various collective bargaining agreements between the employers and the Automobile Mechanics' Local No. 701, International Association of Machinists and Space Workers, AFL-CIO, of Chicago and Vicinity ("Union"), and therefore are multi-employer plans under 29 U.S.C. §§ 1002(37) and 1302(a)(3).

4. The DC PLAN receives monthly salary deferral deductions from employers who have employees enrolled in the DC PLAN pursuant to various collective bargaining agreements between the employers and the Union, and therefore is a multi-employer plan under 29 U.S.C. §§ 1002(37) and 1302(a)(3).

5. The Boards of Trustees of the PENSION FUND, WELFARE FUND, and DC PLAN are the Plan Sponsors of the PENSION FUND, WELFARE FUND, and DC PLAN within the meaning of 29 U.S.C. § 1301(a)(10)(A).

6. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1145, the PENSION FUND, WELFARE FUND, and DC PLAN are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. The Union is the bargaining representative of Defendant TOYOTA OF RIVER OAKS's former bargaining-unit employees.

8. The Defendant TOYOTA OF RIVER OAKS is an Illinois corporation with its principal place of business in Calumet City, Illinois.

## COUNT I
## BREACH OF CONTRACT – LIQUIDATED DAMAGES AND INTEREST

9. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-8 of this Complaint with the same force and effect as if fully set forth herein.

10. TOYOTA OF RIVER OAKS is an employer engaged in an industry affecting commerce which agreed to be bound by the terms of the Standard Automotive Agreement ("CBA") between the Automobile Mechanics' Local 701, International Association of Machinists and Aerospace Workers, AFL-CIO of Chicago and vicinity and the New Car Dealer Committee. (A copy of the CBA is attached as **Exhibit 1**).

11. In December 2012, TOYOTA OF RIVER OAKS entered into Participation Agreements with the PENSION FUND and WELFARE FUND. (A copy of the PENSION FUND Participation Agreement is attached as **Exhibit 2**); (A copy of the WELFARE FUND Participation Agreement is attached as **Exhibit 3**).

12. Through the CBA and Participation Agreements, TOYOTA OF RIVER OAKS agreed to be bound by the provisions of the Agreements and Declarations of Trust which created the PENSION FUND, WELFARE FUND, and DC PLAN (hereinafter referred to as the "Trust Agreements").

13. Pursuant to the provisions of the CBA, Participation Agreements, and Trust Agreements, Defendant TOYOTA OF RIVER OAKS is required to make monthly reports of the number of weeks worked by its bargaining-unit employees and pay contributions to the PENSION FUND and WELFARE FUND for each week that a Covered Employee performs any work at the negotiated rate set forth in the CBA. The monthly reports and contributions during

all relevant times were due on or before the 10th day of the calendar month following the calendar month during which the work was performed. (**Exhibit 1**).

14. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the CBA, Trust Agreements and Collection Policy, employers who fail to submit their monthly reports and contributions to the PENSION FUND and/or WELFARE FUND on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid, plus interest at a rate of 12% per annum, and any reasonable attorney's fees and costs of maintaining suit.

15. Pursuant to the CBA, TOYOTA OF RIVER OAKS is required to make weekly pre-tax deductions equal to three percent (3%) of its enrolled employees' wages as an elective deferral to the DC PLAN. (**Exhibit 1**).

16. The CBA further provides that salary deferral deductions shall be remitted to the DC PLAN no later than the tenth (10th) day of the month following the pay period for which the deductions are made. (**Exhibit 1**).

17. Pursuant to the Collection Policy established by the Board of Trustees of the DC PLAN, TOYOTA OF RIVER OAKS failure to timely submit salary deferral deductions to the DC PLAN results in a one-time charge of ten percent (10%) liquidated damages against all delinquent salary deferral deductions and an assessment of interest at a rate of one percent (1%) per month from the original due date until all outstanding salary deferral deductions are paid in full. (A copy of the Collection Policy is attached as **Exhibit 4**).

18. Defendant TOYOTA OF RIVER OAKS failed to timely submit its contributions to the PENSION FUND and WELFARE FUND for the moths of August and September 2017.

19. In addition, TOYOTA OF RIVER OAKS failed to timely submit contributions to the 401(K) PLAN for the month of April 2015.

20. As a result of its failure to timely submit contributions, TOYOTA OF RIVER OAKS owes the Plaintiffs $1,110.60 in liquidated damages and $104.20 in interest.

21. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from TOYOTA OF RIVER OAKS.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant TOYOTA OF RIVER OAKS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant TOYOTA OF RIVER OAKS for unpaid liquidated damages and interest owed in the amount of $1,214.80;

B. Judgment be entered in favor of Plaintiffs and against Defendant TOYOTA OF RIVER OAKS for any and all other contributions, interest, and/or liquidated damages found to be due and owing in addition to those referenced in Paragraph A above;

C. Defendant TOYOTA OF RIVER OAKS be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Participation Agreements, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

D. Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant TOYOTA OF RIVER OAKS cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

## COUNT II
## BREACH OF CONTRACT – PAYROLL COMPLIANCE AUDIT

24. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-23 of this Complaint with the same force and effect as if fully set forth herein.

25. On or around August 29, 2017, TOYOTA OF RIVER OAKS underwent an asset sale whereby it sold all of its assets and ceased operating.

26. Pursuant to the Trust Agreements, the Trustees have the right to "at any time have an audit made by an independent account or its representatives of the payroll of any Employer in connection with said contributions and/or reports."

27. TOYOTA OF RIVER OAKS is required to maintain their books and records, even after the cessation of operations, and provide those records to the Plaintiffs for the completion of a payroll compliance audit.

28. Pursuant to the CBA, Trust Agreements, and Collection Policy, the Plaintiffs have contacted TOYOTA OF RIVER OAKS on multiple occasions to conduct a routine payroll compliance exit audit of TOYOTA OF RIVER OAKS for the period of August 1, 2013 through August 31, 2017 to ensure that it does not owe additional contributions, liquidated damages, or interest as of the date it ceased operating.

29. As a result, this Honorable Court should order TOYOTA OF RIVER OAKS to produce the payroll records necessary to Plaintiffs for the completion of a payroll compliance audit.

30. Plaintiffs have been required to employ the undersigned counsel to gather to obtain records from TOYOTA OF RIVER OAKS necessary for the completion of a payroll compliance audit.

31. Plaintiffs have complied with all conditions precedent in bringing this suit.

32. Defendant TOYOTA OF RIVER OAKS is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D).

WHEREFORE, Plaintiffs respectfully request that:

A. Judgment be entered in favor of Plaintiffs and against Defendant TOYOTA OF RIVER OAKS requiring TOYOTA OF RIVER OAKS to produce all records to the Plaintiffs necessary for the completion of a payroll compliance audit for the period of August 1, 2013 to August 31, 2017;

B. Judgment be entered in favor of Plaintiffs and against Defendant TOYOTA OF RIVER OAKS for any and all other contributions, interest, and/or liquidated damages found to be due and owing as revealed by the payroll compliance audit;

C. Defendant TOYOTA OF RIVER OAKS be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiffs pursuant to the CBA, Trust Agreements, and 29 U.S.C. § 1132(g)(2)(D); and

D. Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendant TOYOTA OF RIVER OAKS cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**AUTOMOBILE MECHANICS' LOCAL NO. 701 UNION AND INDUSTRY PENSION FUND**

By: /s/ Matthew D. Grabell
One of Plaintiffs' Attorneys

Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 372-8587
grabell@johnsonkrol.com